UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE WARD,

        Petitioner,

                             CASE NO. 5:06-CV-10188
v.                             HONORABLE JOHN CORBETT O'MEARA

HUGH WOLFENBARGER,

        Respondent.
                                        /

## ORDER DENYING PETITIONER'S MOTION
## TO STAY/ABEY HABEAS CORPUS PROCEEDINGS

**I.**      **Introduction**

      Petitioner, an inmate at the Macomb County Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for possession with intent to deliver cocaine and maintaining a drug vehicle, which were imposed following a jury trial in the Genesee County Circuit Court in 2004. Petitioner was sentenced to concurrent terms of 10 to 20 years imprisonment and 12 months to 24 months imprisonment. This matter is before the Court on Petitioner's "Motion to Stay/Abey Habeas Corpus Proceedings" which was submitted as part of habeas petition. For the reasons set forth below, the Court denies Petitioner's motion.

**II.**      **Procedural History**

      Following his convictions and sentencing, Petitioner filed a motion for new trial with the state trial court which was denied on May 10, 2004. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising claims of juror bias and ineffective

assistance of trial counsel for failing to pursue that issue at trial. *People v. Ward*, No. 262253 (Mich. App. June 6, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Ward*, 474 Mich. 910, 705 N.W.2d 133 (Oct. 31, 2005).

Petitioner signed the instant habeas petition on January 8, 2006 raising the same claims presented to the Michigan appellate courts. This matter is before the Court on Petitioner's "Motion to Stay/Abey Habeas Proceedings." Petitioner seeks a stay and abeyance of his habeas proceedings so that he may return to the state courts to exhaust state remedies on additional claims concerning the ineffective assistance of trial counsel for advising him to go to trial instead of pleading guilty, sentencing issues, cumulative error, and the ineffective assistance of appellate counsel.

**II.    Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is unnecessary to hold this matter in abeyance. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has not shown the need for a stay. His current claims are exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about January 28, 2006 -- 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner signed the instant petition on January 8, 2006. Thus, he shall have nearly one year in which to proceed on unexhausted claims in the state courts and return to federal court. The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2). Additionally, while the filing of a federal habeas petition does not statutorily toll the one-year period, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), this Court equitably tolls the time

3

during which a habeas action is pending in federal court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to pursue those issues.

### III. Conclusion

For the reasons stated, the Court **DENIES** Petitioner's motion to stay/abey habeas proceedings. Should Petitioner wish to have the Court dismiss the present petition, which contains two exhausted claims, so that he may exhaust additional issues in the state courts, he may move the Court for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the exhausted claims contained in the present petition.

**SO ORDERED**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated: January 31, 2006